PER CURIAM.
Henry Lee Wilson appeals the sentence imposed on September 3, 1992, for violating the terms of his probation. The sentencing guidelines scoresheet reflected a total of 154 points with a recommended range of any non-state prison sanction. Applying the one-cell increase allowed for the probation violation, the guidelines permitted a sentence of community control or up to 30 months’ incarceration. The trial court sentenced Wilson to serve 2 years on community control, with the added condition that 1 year be served in county jail, followed by 6 months’ probation.
The public defender filed a brief (on February 1, 1993) pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), certifying that no good faith argument could be made in support of reversal. We have reviewed the record and find no basis for reversal with a single exception. In January of this year, the supreme court held in State v. Davis, 630 So.2d 1059 (Fla.1994), that a sentencing disposition which includes combined sanctions of county jail incarcération and community control constitutes a departure sentence that requires written reasons for departure, even though the combined periods of incarceration and community control do not exceed the maximum period of incarceration permitted by the guidelines. The sentencing cell involved in Davis provided, similar to this case, a range of community control or 12 to 30 months’ incarceration. Of course, neither counsel nor the trial court had the benefit of the Davis decision when this matter was handled a year ago.
Accordingly, the appealed sentence is REVERSED and this cause is REMANDED for resentencing in accordance with the Davis decision.
ZEHMER, C.J., and JOANOS and WEBSTER, JJ., concur.